IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>AEROGROUP INTERNATIONAL, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Bankr. No. 17-11962 (CSS)<br>(Jointly Administered) |
| POLK 33 Lending, LLC,<br><br>Appellant,<br><br>v.<br><br>THL CORPORATE FINANCE, INC.,<br><br>Appellee. | C.A. No. 19-648 (MN) |

## **MEMORANDUM**

This appeal arises in the Chapter 11 cases of Aerogroup International, Inc. and certain affiliates ("Debtors"). Appellant Poke 33 Lending, LLC ("Polk 33") has appealed from the Bankruptcy Court's March 26, 2019 decision, *Polk 33 Lending, LLC v. THL Corporate Finance, Inc. (In re Aerogroup Int'l, Inc.)*, 601 B.R. 571 (Bankr. D. Del. 2019) ("Allocation Decision"),[1] in which the Honorable Kevin J. Carey,[2] *inter alia*, allocated proceeds from the Debtors' 11 U.S.C. § 363 asset sale among two lenders with competing secured claims – Polk 33, and appellee THL Corporate Finance, Inc. ("THL"), in its capacity as administrative agent to the Debtors' prepetition term loan lenders. The Allocation Decision adjudicated the lenders' dispute over the allocation of sale proceeds consistent with the Bankruptcy Court's prior denial of Polk 33's summary judgment

---

[1] The docket of the Chapter 11 cases, captioned *In re Aerogroup Int'l Inc.,* Case No. 17-11962 (CSS) (Bankr. D. Del.), is cited herein as "B.D.I. __."

[2] Pursuant to an order dated June 6, 2019 (Adv. D.I. 26), the above-captioned Chapter 11 cases and all associated cases, including the adversary proceeding, were reassigned to the Honorable Christopher S. Sontchi.

motion, in which Polk 33 asserted that THL's "final" credit bid on certain assets at the auction established the secured amount of THL's claim. *In re Aerogroup Int'l, Inc.*, 2018 WL 3155250, \*3-\*4 (Bankr. D. Del. June 25, 2018). The Bankruptcy Court denied summary judgment, citing a "dispute over the material fact of whether THL's credit bid was a 'final bid" and rejecting Polk 33's argument "that the secured portion of THL's claim is determined by its Credit Bid rather than the market price for the collateral." *Id.* at \*4-\*5. The Allocation Decision, entered after a two-day evidentiary hearing, determined that THL's credit bid was not a final offer and allocated the sale proceeds in accordance with the parties' agreements and a detailed determination of the value of the individual assets underlying each lender's claim. *See Aerogroup,* 601 B.R. at 589.

Pending before the Court is Appellant's Request for Order Certifying Order for Direct Appeal to the Court of Appeals for the Third Circuit (D.I. 12) ("Certification Motion"), which seeks certification under 28 U.S.C. § 158(d)(2)(A). The Certification Motion is fully briefed. (D.I. 12, 15, 19). Because Polk 33 has provided no justification for bypassing this Court's intermediate review, the Certification Motion is denied.

### I. BACKGROUND

#### A. Chapter 11 Cases

Prior to filing the chapter 11 cases, the Debtors were a leading manufacturer and retailer of women's footwear. On September 15, 2017 ("the Petition Date"), the Debtors commenced the chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

The Debtors' outstanding debt is held in a "split lien" collateral structure by THL, as administrative agent for the Debtors' prepetition term loan lenders, and Polk 33, as the provider of debtor-in-possession ("DIP") financing. Pursuant to the final order approving the DIP facility (B.D.I. 14) ("the Final DIP Order") on November 2, 2017, Polk 33 holds a first lien on all "DIP

2

Priority Collateral," which includes the Debtors' inventory and working capital, and the proceeds therefrom, and THL holds a lien on all "Term Priority Defined Collateral," which includes the Debtors' intellectual property and all proceeds therefrom.

### B. The Auction and Credit Bid

On February 15-16, 2018, the Debtors auctioned substantially all of their assets ("the Auction"). Approximately midway through the Auction, THL submitted a credit bid ("the THL Credit Bid") for the Debtors' intellectual property, which was THL's Term Priority Defined Collateral under the Final DIP Order. THL asserts that the Credit Bid was not a final bid but, rather, the minimum incremental bid required under the bidding procedures at the time. *Aerogroup*, 601 B.R. at 580-81. (B.D.I. 654, Transcript of Feb. 15-16, 2018 Hearing, 140:10-11). THL never suggested that the bid reflected THL's view of the value of the collateral nor did THL or any other party in interest assert that it was a final bid. *Id.* at 589 ("the evidence shows that THL's credit bid was not a final offer") (citing Handy Decl. ¶¶ 7-8); *see also* Cleary Decl. ¶ 8 (B.D.I. 956-2). The Debtors asked THL to refrain from bidding for a period of time while bidders seeking to acquire the entire business built momentum. *Id.* at 580-81. Ultimately, the Debtors selected Alden as having made the highest and best bid at the Auction.

On March 6, 2018, the sale to Alden closed, and the proceeds from the sale ("the Sale Proceeds") were deposited in escrow. On April 24, 2018, THL filed its Allocation Motion (B.D.I. 803) with the Bankruptcy Court seeking a determination of the value of THL's and Polk 33's secured claims for purposes of determining how the Sale Proceeds should be allocated between THL's and Polk 33's respective first lien collateral pools. Polk 33 objected to the Allocation Motion. (B.D.I. 844). On June 8, 2018, Polk 33 filed a motion for summary judgment

in connection with THL's Allocation Motion, arguing that THL's "final" credit bid at the auction set the value of its secured claim (B.D.I. 919) ("Summary Judgment Motion").

### C. Summary Judgment Decision and Allocation Decision

On June 25, 2018, the Bankruptcy Court issued the Summary Judgment Decision denying Polk 33's Summary Judgment Motion. *Aerogroup*, 2018 WL 3155250, at *5. In the Summary Judgment Decision, the Bankruptcy Court framed the issue as: "[r]elying on the Third Circuit's decisions in *Submicron*[3] and *Philadelphia Newspapers*,[4] Polk argues that THL's 'final' Credit Bid established the secured amount of THL's claim." *Id.* at *3. The Bankruptcy Court held there was "a dispute over the material fact of whether THL's credit bid was a 'final' bid." *Id.*

Regarding Polk 33's analysis of *SubMicron* and *Philadelphia Newspapers*, the Bankruptcy Court remarked: "THL also contends that Polk's arguments rely on a disingenuous and misleading misinterpretation of Third Circuit law. I agree." *Id*. at *4. In analyzing the language Polk 33 cited from those decisions, the Bankruptcy Court held:

> Polk's argument relies on language plucked out of cases without context and fails to recognize the basic premise: an auction allows the marketplace to determine the value of the collateral, which, in turn, determines the value of the secured portion of claim. In other words, the highest bid—no matter who makes it—sets the asset's value.

*Id.* at *5.

On June 29, 2018 and July 13, 2018, the Bankruptcy Court held an evidentiary hearing on several matters, including THL's Allocation Motion. On March 26, 2019, the Bankruptcy Court issued its Allocation Decision, in which, among other things, the Bankruptcy Court allocated

---

[3] *Cohen v. KB Mezzanine Fund II, LP (In re SubMicron Sys., Corp.)*, 432 F.3d 448 (3d Cir. 2006).

[4] *In re Philadelphia Newspapers, LLC*, 599 F.3d 298 (3d Cir. 2010), *as amended* (May 7, 2010).

4

$16.8 million of the Sale Proceeds to the THL's Term Priority Defined Collateral and $7.45 million to Polk 33's DIP Priority Collateral. *Aerogroup,* 601 B.R. at 598-99. As a factual matter, the Bankruptcy Court held that the Debtors had asked THL to stop credit bidding so as not to interfere with the active bidding of other cash bidders and that THL had "temporarily refrain[ed] from bidding, but reserved its right to resume credit bidding if other bidders did not bid amounts satisfactory to THL." *Id.* at 581. "[T]he evidence show[ed] that THL's credit bid was not a final offer." *Id*. at 589-90. On April 8, 2019, Polk 33 appealed the Allocation Decision. (D.I. 1). Aside from this appeal, all issues related to the allocation and distribution of the Sale Proceeds have been resolved. (*See* B.D.I. 1203 (May 30, 2019 Hearing Transcript at 9:7)).

## II. <u>JURISDICTION AND STANDARD OF REVIEW</u>

Pursuant to 28 U.S.C. § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). Motions for direct appeal to the court of appeals are governed by 28 U.S.C. § 158(d)(2), which provides that a district court may certify a final order for immediate appeal to the court of appeals. In accordance with section 158(d)(2)(A) and (B), certification is mandatory if the Court determines that any of the following exist:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). Subsection 158(d)(2)(B) provides that certification to the Third Circuit Court of Appeals is mandatory if the Court determines that circumstances specified in (i), (ii), or (iii) of subparagraph (A) exists. 28 U.S.C. § 158(d)(2)(B); *In re Tribune Co.*, 477 B.R. 465, 470 (Bankr. D. Del. 2012) (construing § 158(d)(2)(B)). "While the section contains three subparts, there are actually four disjunctive criteria as subpart (i) sets forth two separate benchmarks for certification." *In re Millennium Lab Holdings, II, LLC*, 543 B.R 703, 708 (Bankr. D. Del. Jan. 12, 2016).

## III. ANALYSIS

Polk 33 requests certification of direct appeal of the following narrow legal issue: whether a secured lender's bid at a § 363 auction sets the value of the secured lender's collateral at the amount of the credit bid, if that bid is withdrawn. (D.I. 14 at 1). Polk 33 does not seek certification on the basis that there is no controlling decision of the court of appeals or the Supreme Court under the first prong of § 158(d)(2)(A)(i). Polk 33 seeks certification for immediate review of the Allocation Decision on the bases that (1) the Allocation Decision "involves a question of law requiring resolution of conflicting decisions" pursuant to 28 U.S.C. § 158(d)(2)(A)(ii); (2) "an immediate appeal . . . may materially advance the progress of the case," pursuant to § 158(d)(2)(A)(iii); and (3) the Allocation Decision "involves a matter of public importance" pursuant to the second prong of § 158(d)(2)(A)(i). THL asserts that none of the grounds for certification apply here, and the Court agrees.

### A. Resolution of Conflicting Decisions

Certification of the appeal is mandatory under § 158(d)(2)(A)(ii) where the appeal involves a question of law requiring resolution of conflicting decisions. "Conflicting decisions" are sufficient to warrant direct appeal under § 158(d)(2)(A)(ii) where the decision to be appealed

conflicts with pre-existing decisions from other lower courts within the circuit. *See Millennium Lab Holdings*, 543 B.R. at 713-25 (certifying an issue for appeal where the bankruptcy court's ruling with respect to that issue conflicted with another pre-existing bankruptcy court decision within the circuit); *In re Blue Stone Real Estate, Const. & Dev. Corp.*, 396 B.R. 555, 561 (Bankr. M.D. Fla. 2008) (same).

Polk 33 argues that under the "ironclad and binding Third Circuit precedent" of *Submicron* and *Philadelphia Newspapers*, "THL's credit bid at the Auction for less than the full amount of its collateral set the value of its secured claim." (D.I. 14 at 9). The Allocation Decision "allocated $16.8 million of the proceeds of the § 363 Sale to THL's Term Priority Defined Collateral, . . . despite the undisputed fact that THL submitted and did not withdraw its $12,209,519 credit bid on the Term Priority Defined Collateral during the 363 Sale." (*Id*. at 7-8). Therefore, according to Polk 33, the Bankruptcy Court's Allocation Decision "directly contradicts case law decided by and within the Third Circuit" holding unequivocally that "a credit bid [by a secured creditor] sets the value of a lender's secured interest in collateral," regardless of whether that credit bid is ultimately the successful bid at a public auction. (*Id*. at 9 (citing *Philadelphia Newspapers,* 599 F.3d at 311-12 and *SubMicron,* 432 F.3d at 459-61)). Polk 33 argues that certification for direct appeal is mandatory under § 158(d)(2)(A)(i) because the Allocation Decision's holding to the contrary "represents a direct conflict with these intra-circuit decisions." (*Id*. at 9-10). THL argues that such an argument finds no support in the statute or the case law interpreting it. The Court agrees with THL.

The requisite conflict for § 158(d)(2)(A)(ii) can "exist among bankruptcy judges in the same district or different districts, among district courts in the same district or different district, or among appellate panels in the same circuit." *See* 1 COLLIER ON BANKRUPTCY ¶ 5.06[4][c]

7

(Richard Levin & Henry J. Sommer eds., 16th ed. 2019); *see, e.g.*, *In re Goody's Family Clothing, Inc.*, 2009 WL 2355705, at *2 (D. Del. 2009) (denying certification where "no split of authority exists in the Third Circuit"); *In re Gen. Motors Corp.*, 409 B.R. 24, 29 (Bankr. S.D.N.Y. 2009) (denying certification where there were "no conflicting decisions within the Second Circuit for the Circuit to resolve"). A conflict between a bankruptcy court and circuit court decision does not satisfy the conflict requirement, and none of the cases Polk 33 cites hold otherwise. *See Millennium*, 543 B.R. at 714-15 (concluding that while intra-circuit splits do not satisfy § 158(d)(2)(A)(ii), a conflict between Delaware bankruptcy court decisions issued by different judges satisfied conflict decisions prong); *In re Pliler*, 487 B.R. 682, 698-701 (Bankr. E.D.N.C. 2013) (conflict between two bankruptcy court decisions in the Eastern District of North Carolina issued by different judges); *In re MPF Holding U.S. LLC*, 444 B.R. 719, 726-27 (Bankr. S.D. Tex. 2011) (conflicting decisions interpreting what two Fifth Circuit cases meant by the phrase "specific and unequivocal," including by two bankruptcy judges in the Northern District of Texas).

As THL correctly points out, Polk 33's reading of the statute would lead to absurd results. Such an interpretation would require a district court to first evaluate the merits of an appeal – *i.e.*, by deciding whether the bankruptcy court decision conflicts with Third Circuit precedent – before deciding the certification request. This, of course, undermines the purpose of direct certification, which is to allow an appeal to skip over the district court's intermediate review. And, contrary to the plain language of the statute, Polk 33's approach would leave no "conflict" for the Third Circuit to "resolve." If the Third Circuit has already decided an issue in a manner that conflicts with a bankruptcy court's decision, then the Third Circuit precedent prevails , and there is no conflict that requires "resolution" by the Third Circuit on appellate review. Accordingly, certification is not required under the first prong of § 158(d)(2)(A)(ii).

### B. Materially Advancing the Progress of the Case

Certification is appropriate under § 158(d)(2)(A)(iii) where an immediate appeal from the order may materially advance the progress of the case. 28 U.S.C. § 158(d)(2)(A)(iii). In determining whether to certify the appeal, the Court must determine whether there is anything "extraordinary or urgent about this situation that recommends departing from the standard appellate process." *Stanziale v. Car-Ber Testing, Inc. (In re Conex Holdings)*, 534 B.R. 606 (D. Del. 2015).

Polk 33 argues that certification will materially advance the progress of the case because both parties will likely appeal an adverse ruling by the District Court. (D.I. 14 ¶ 29). In its reply, Polk 33 further argues that the Debtors' Chapter 11 cases have been pending for "nearly two years" and that the swift resolution of Polk 33's appeal would promote administration and closing of the Debtors' cases. (D.I. 19 at 19). Conversely, THL argues that the underlying bankruptcy cases are proceeding regardless of this appeal and that the appeal will have no bearing on the current and limited administration of the underlying bankruptcy. THL argues that the Sale Proceeds have been distributed already in accordance with the Allocation Decision, and nothing in the Chapter 11 cases is being held up by the appeal. THL further argues that Polk 33 has identified no other matters that may be materially advanced by certifying a direct appeal.

Polk 33's prediction that the parties will likely appeal an adverse ruling by the District Court – therefore requiring "two levels of appeals" (D.I. 19 at 4) – is not sufficient to establish material advancement. Any litigant could maintain that skipping district court review in the appeal process may expedite final resolution. Indeed, "[i]f the mere expectation of advancement to a circuit court was sufficient to establish material advancement, Section 158(d)(2)(A)[iii] would effectively eliminate the district court from the bankruptcy review process altogether." *Carval*

9

*Investors UK Ltd. v. Giddens (In re Lehman Bros. Inc.)*, 2013 WL 5272937, at *5 (S.D.N.Y. Sept. 18, 2013). Consequently, courts have routinely held that the desire to skip one appellate level is not grounds for certification under § 158(d)(2)(A)(ii). *See, e.g.*, *Millennium*, 543 B.R. at 716-17 ("Further, case law is clear that even the near certainty that this appeal will ultimately end up before the Third Circuit is not a basis on which to certify the order."); *Troisio v. Erickson (In re IMMC Corp.)*, 2016 WL 356026, at *7 (D. Del. Jan. 28, 2016) (holding that likelihood of losing party appeal to the Third Circuit insufficient to satisfy 28 U.S.C. § 158(d)(2)(A)(iii)); *Official Comm. of Unsecured Creditors v. Sabine Oil & Gas Corp. (In re Sabine Oil & Gas Corp.)*, 2016 U.S. Dist. LEXIS 147710, at *7-8 (S.D.N.Y. Oct. 24, 2016) (collecting authority); *In re Johns-Manville Corp.*, 449 B.R. 31, 34 (S.D.N.Y. 2011) ("[T]he only argument for expedition is that the appeal will be quicker because it need only be heard by one court – the Court of Appeals. That argument can be made in every case where there is an appeal involving a final judgment of the Bankruptcy Court.").

Additionally, the mere fact that the Chapter 11 cases are awaiting "official closure" does not constitute an "extraordinary or urgent" situation "that recommends departing from the standard appellate process." *Conex Holdings*, 534 B.R. at 611. Moreover, the merits of this appeal are fully briefed and ready for a decision by this Court (D.I. 10, 20, 22), whereas, the Third Circuit must first review and accept a certification request before the appeal can proceed in that court. *See In re Johns-Manville Corp.*, 449 B.R. 31, 34 (S.D.N.Y. 2011) (finding that without sufficient reason for direct appeal, process can actually lengthen rather than expedite appeal). The Court is not satisfied that 28 U.S.C. §158(d)(2)(A)(iii) is met under these circumstances.

## C. Public Importance

Finally, courts have interpreted the "public importance" prong of 28 U.S.C. § 158(d)(2)(A)(i) narrowly. *See In re Nortel Networks Corp.*, 2010 WL 1172642, *1 (Bankr. D. Del. Mar. 18, 2010). To constitute a matter of "public importance," the issue on appeal must transcend the litigants and involve a legal question, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." *In re Am. Home Mortg. Inv. Corp.*, 408 B.R. 42, 44 (D. Del. 2009). An appeal that impacts only the parties, and not the public at large, is not "a matter of public importance." *See Goody's*, 2009 WL 2355705, at *2. Courts find an alternative basis for certification on the public importance prong where resolution of the issue has "important practical ramifications." *WestLB AG v. Kelley*, 514 B.R. 287, 293 (D. Minn. 2014); *see also In re Qimonda AG*, 470 B.R. 374, 386 (E.D. Va. 2012).

Polk 33 argues that its appeal requires certification under the "public importance" prong of 28 U.S.C. § 158(d)(2)(A)(i) because "sales under § 363 of the Bankruptcy Code are conducted routinely in this circuit," and "clarifying the rules is essential" for participants in those sales. (D.I. 19 at 3). According to Polk 33, the appeal presents a matter of public importance in the area of bankruptcy law because the situation of "a credit bid by a secured creditor for less than the full amount of its secured claim is one that is likely to repeat." (*Id*. at 3-4). Conversely, THL argues that Polk 33 has identified no issue of public importance that would transcend the interests of the parties. According to THL, the Court should reject Polk 33's attempt to manufacture an issue of public importance by contending that the public at large must share Polk's concern regarding the Allocation Decision, upsetting market expectations. According to THL, this is nothing more than a rehash of Polk's position on the merits and provides no basis for direct certification under § 158(d)(2)(A)(i).

The Court agrees with THL on this point as well. The Allocation Decision does not raise a question of public importance justifying certification of a direct appeal to the Third Circuit. Additionally, an issue involving a mixed question of law and fact generally does not constitute a matter of public importance. *See, e.g.*, *Tribune*, 477 B.R. at 472 (holding that it is not a matter of public importance when a decision is in line with controlling law in the Third Circuit and remaining issues involve factual matters specific to the case); *Am. Home Mortgage*, 408 B.R. at 44 (deciding that mixed questions that implicate the particular circumstances of the case are not pure legal questions warranting direct certification); *Bepco LP v. Globalsantafe Corp. (In re 15375 Mem'l Corp.)*, 2008 WL 2698678, at *1 (D. Del. July 3, 2008) (holding that "factual issues preclude a direct appeal" under 28 U.S.C. § 158(d)(2)). Issues tied to the facts of a particular case generally do not "transcend" the parties and advance the cause of jurisprudence to an unusual degree. *See Millennium Lab*, 543 B.R. at 709. Here, the Bankruptcy Court determined in the Allocation Decision that THL did not submit a final credit bid as a matter of fact. The presence of this significant factual issue, which permeates the entirety of the appeal, undermines Polk 33's argument for certification of direct appeal.

## IV. <u>CONCLUSION</u>

Upon consideration of the applicable precedent, the Court concludes that certification of direct appeal to the Third Circuit is not required under any element of 28 U.S.C. § 158(d)(2)(A). Accordingly, the Court will deny the Certification Motion and rule on the merits of the appeal in due course. An appropriate Order follows.

_____
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>AEROGROUP INTERNATIONAL, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Bankr. No. 17-11962 (CSS)<br>(Jointly Administered) |
| POLK 33 Lending, LLC,<br><br>Appellant,<br><br>v.<br><br>THL CORPORATE FINANCE, INC.,<br><br>Appellee. | C.A. No. 19-648 (MN) |

## **ORDER**

For the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED this 14th day of February 2020 that Appellant's Certification Motion (D.I. 12) is DENIED.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge